17 So.3d 41 (2009)
STATE of Louisiana
v.
Shane Michael GATES.
No. 2008 KW 0006R.
Court of Appeal of Louisiana, First Circuit.
May 15, 2009.
*42 Walter P. Reed, District Attorney, Kathryn Landry, Special Appeals Counsel, Baton Rouge, Louisiana, for Plaintiff/Appellant, State of Louisiana.
Daniel G. Abel, Metairie, Louisiana, for Defendant/Appellee, Shane Michael Gates.
Before GAIDRY, McDONALD, and McCLENDON, JJ.
GAIDRY, J.
Relator, the State of Louisiana, seeks review of the district court's ruling granting defendant's request to issue subpoenas (and essentially denying relator's motion to quash subpoenas) to two assistant district attorneys for a hearing on defendant's motion to recuse the district attorney and his office. For the reasons that follow, we find no error in the trial court's ruling ordering the issuance of the subpoenas and deny relator's writ.

Background
Defendant is charged by misdemeanor bill of information with driving while intoxicated (DWI), first offense, a violation of La. R.S. 14:98, and two counts of resisting an officer, violations of La. R.S. 14:108, and by felony bill of information with aggravated flight from an officer, a violation of La. R.S. 14:108.1.
Defendant pled not guilty and filed several pretrial motions, including a motion to recuse St. Tammany Parish District Attorney Walter P. Reed and his office. In conjunction with the motion to recuse, defendant filed a request to issue witness subpoenas to several persons, including two assistant district attorneys for St. Tammany Parish.[1] Relator filed a motion to quash the subpoenas. After argument, the trial court ordered that the subpoenas be issued. Relator sought review of the trial court's ruling.
Upon initial review, this Court denied relator's application for supervisory writs. State v. Gates, XXXX-XXXX (unpublished action issued April 28, 2008). Relator sought review of this Court's ruling in the Louisiana Supreme Court, which granted relator's writ application and remanded the matter to this Court for briefing, argument and opinion. State v. Gates, XXXX-XXXX (La.9/26/08), 992 So.2d 973.

Facts of the Offense
Since this matter involves a pretrial issue and no evidentiary hearings have been held, the record contains limited information about the factual basis of the charges. On November 16, 2006, defendant's vehicle was stopped, apparently based on observations by St. Tammany Parish Sheriffs Office deputies that the vehicle was swerving *43 and moving erratically on Interstate 12. After defendant exited his vehicle, he sustained injuries, including a cut to his face and a black eye, and was taken to a hospital for treatment before he was arrested. Test results of defendant's blood sample taken at the hospital later revealed the alcohol content was .273.

Procedural History
On January 8, 2007, relator formally charged defendant with DWI and aggravated flight from an officer. On September 10, 2007, relator filed a new misdemeanor bill of information charging defendant with DWI and two counts of resisting an officer. On October 18, 2007, defendant filed a motion to recuse District Attorney Walter Reed and his office based on the district attorney's alleged personal interest in the prosecution against defendant as a result of a civil rights lawsuit defendant filed against the district attorney and others in federal court.[2] Defendant also filed a request, pursuant to article 507 of the Louisiana Code of Evidence, to issue witness subpoenas for the hearing on the motion to recuse to several attorneys, including assistant district attorneys Mr. Bruce Dearing and Mr. Ronald Gracianette. Relator filed a motion to quash the request for subpoenas.[3]
After argument on December 3, 2007, the trial judge ordered the issuance of the requested subpoenas pursuant to article 508 of the Louisiana Code of Evidence. Relator objected to the ruling and sought review in this Court, which denied relator's writ. The Louisiana Supreme Court remanded the matter to this Court for briefing, argument and opinion.

Applicable Law
The lawyer-client privilege is provided in Article 506 of the Louisiana Code of Evidence. Articles 507 and 508 of the Louisiana Code of Evidence prohibit the issuance of subpoenas and court orders to lawyers and their representatives where the purpose is to seek privileged information. Those articles also provide requirements for the issuance of subpoenas and provide a procedural vehicle that an attorney can use to contest any such subpoena.
The 1992 Official Comment to article 507 provides:
This Article is intended to strike a balance between the attorney-client privilege and the need of the prosecution to obtain otherwise unprivileged information about a client from his attorney or former attorney. It is designed to provide breathing room for the privilege by setting forth appropriate procedural steps when the state seeks to subpoena a lawyer for the purpose of obtaining information about a client or former client. Such measures have been adopted as the official policy of the American Bar Association.
Article 507 provides for the subpoena of a lawyer in a criminal proceeding:

*44 A. General rule. Neither a subpoena nor a court order shall be issued to a lawyer or his representative to appear or testify in any criminal investigation or proceeding where the purpose of the subpoena or order is to ask the lawyer or his representative to reveal information about a client or former client obtained in the course of representing the client unless the court after a contradictory hearing has determined that the information sought is not protected from disclosure by any applicable privilege or work product rule; and all of the following:
(1) The information sought is essential to the successful completion of an ongoing investigation, prosecution, or defense.
(2) The purpose of seeking the information is not to harass the attorney or his client.
(3) With respect to a subpoena, the subpoena lists the information sought with particularity, is reasonably limited as to subject matter and period of time, and gives timely notice.
(4) There is no practicable alternative means of obtaining the information.
B. Waiver. Failure to object timely to non-compliance with the terms of this Article constitutes a waiver of the procedural protections of this Article, but does not constitute a waiver of any privilege.
C. Binding effect of determination; notice to client. The determination that a lawyer-client privilege is not applicable to the testimony shall not bind the client or former client unless the client or former client was given notice of the time, place, and substance of the hearing and had an opportunity fully to participate in that hearing.
D. Exceptions. This Article shall not apply in habitual offender proceedings when a lawyer is called as a witness for purposes of identification of his client or former client, or in post-conviction proceedings when a lawyer is called as a witness on the issue of ineffective assistance of the lawyer.
E. The procedural provisions and protections afforded by Paragraph A of this Article shall extend to lawyers serving as prosecutors in state, parish, or municipal courts, whether those functions are exercised in the name of the state of Louisiana or any parish or municipality, and whether the lawyer is the attorney general or assistant attorney general, a district attorney or assistant district attorney, or a parish or municipal prosecutor, and shall extend to lawyers employed by either house of the Louisiana Legislature.
Article 508 provides for the subpoena of a lawyer in a civil or juvenile proceeding or administrative investigation or hearing:
A. General rule. Neither a subpoena nor a court order shall be issued to a lawyer or his representative to appear or testify in any civil or juvenile proceeding, including pretrial discovery, or in an administrative investigation or hearing, where the purpose of the subpoena or order is to ask the lawyer or his representative to reveal information about a client or former client obtained in the course of representing the client unless, after a contradictory hearing, it has been determined that the information sought is not protected from disclosure by any applicable privilege or work product rule; and all of the following:
(1) The information sought is essential to the successful completion of an ongoing investigation, is essential to the case of the party seeking the information, and is not merely peripheral, cumulative, or speculative.

*45 (2) The purpose of seeking the information is not to harass the attorney or his client.
(3) With respect to a subpoena, the subpoena lists the information sought with particularity, is reasonably limited as to subject matter and period of time, and gives timely notice.
(4) There is no practicable alternative means of obtaining the information.
B. Waiver. Failure to object timely to non-compliance with the terms of this Article constitutes a waiver of the procedural protections of this Article, but does not constitute a waiver of any privilege.
C. Binding effect of determination; notice to client. The determination that a lawyer-client privilege is not applicable to the testimony shall not bind the client or former client unless the client or former client was given notice of the time, place, and substance of the hearing and had an opportunity fully to participate in that hearing.
D. Scope. Nothing in this Article is intended to affect the provisions of Code of Civil Procedure Articles 863 and 1452(B).
E. The procedural provisions and protections afforded by Paragraph A of this Article shall extend to lawyers representing the state or any political subdivision, whether the lawyer is the attorney general or assistant attorney general, a district attorney or assistant district attorney, a parish attorney or assistant parish attorney; or a municipal or city attorney or assistant municipal or assistant city attorney; and shall extend to lawyers employed by either house of the Louisiana Legislature.

Defendant's Motion to Recuse
Defendant's motion to recuse alleges that because the district attorney is being sued in defendant's civil rights lawsuit, the district attorney has a personal interest in defendant's criminal prosecution. Defendant alleges that as a result of beatings by St. Tammany Parish Sheriffs deputies, he suffered severe and permanent injuries. He further contends that in an effort to cover up the matter and shield the deputies from civil rights claims, the sheriffs office conspired with the district attorney over a period of ten months to obstruct defendant's civil rights claims by charging him with resisting arrest.
Defendant alleges the district attorney's office "initiated a demand, stating it would not advance the charges against [defendant] provided that he release the Sheriff and his deputies from liability for their beating and assaulting him." Defendant claims that at the assistant district attorney's suggestion, his attorney, August Hand, met with Sheriff Strain's attorney, Charles Hughes, on July 24, 2007. Defendant contends that during the meeting, Mr. Hughes threatened to have the district attorney file additional charges of resisting arrest against defendant in order to bar any civil rights claims defendant might file. Defendant further alleges that Mr. Hughes did in fact speak with assistant district attorney Bruce Dearing and that only three days later on the date set for trial (and ten months after the original bill of information was filed) the district attorney filed a new bill of information which added two counts of resisting arrest.
Defendant further argues there is case law that holds it is mandatory that a district attorney be recused where he has a personal interest in convicting a defendant and where there are civil matters that are so closely related with the subject matter of the criminal prosecution that the successful outcome of the civil suit is largely dependent upon the defendant's conviction.

*46 Relator's Brief
Relator presents several arguments in support of its claim that the subpoenas should be quashed. First, it contends that because the subpoenas are being sought for lawyers in a criminal proceeding, article 507, not article 508 as cited in the trial court's reasons, is the applicable article in this situation. Relator further notes that defendant's subpoena request specifically sought subpoenas "pursuant to La.Code Evidence art. 507" and that there was no real dispute as to the applicable law.
Second, relator argues the subpoenas are not being sought for the purpose required by article 507: i.e. that the information sought is essential to the successful completion of an ongoing investigation, prosecution, or defense. Relator claims that instead of being sought for a purpose related to defendant's theory of defense, they are related to the motion to recuse and to further defendant's civil action. Relator contends defendant should not be allowed to create a conflict by filing a civil suit against the district attorney and then use that conflict as the basis for recusing the district attorney. According to relator, the assistant district attorney merely referred defense counsel to the sheriffs office after he began plea discussions and did so because of the district attorney's policy in allowing victims to have input prior to plea negotiations. Herein, the district attorney's office was later informed that the deputies who were allegedly attacked by defendant wished the district attorney to reconsider filing resisting arrest charges against defendant.
Third, relator argues that defendant has failed to show that his purpose for seeking the information is not to harass the district attorney's office and that there is no practical alternative means of obtaining the information, as required in article 507 A(2) and (4). Relator claims that defendant already has several sources of the information and is only seeking confirmation of the information.
Fourth, relator argues that the jurisprudence cited by defendant in support of the subpoenas can be distinguished because those cases involve the issuance of subpoenas in civil cases and do not involve a recusal hearing in a criminal proceeding. Relator also distinguishes the leading case cited by defendant in his motion to recuse by noting in that case, the district attorney represented a civil litigant who had sued a defendant, which is not the same situation as the instant case where defendant filed the civil action and then used that action to recuse the district attorney.
Moreover, relator notes that under Article 61 of the Louisiana Code of Criminal Procedure the district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute.

Defendant's Opposition Brief
In opposition, defendant presents several arguments[4] to support his claim that the resisting arrest charges were filed for the express purpose to obstruct his constitutional rights. Defendant claims he was the victim of an attack by sheriffs deputies which resulted in injuries and permanent nerve damage and required over 300 CT scans. He further contends that assistant district attorney Ronald Gracianette told defense counsel August Hand that the charges would be dismissed if defendant would release the sheriffs deputies from liability for defendant's injuries and violations of his civil rights.
Defendant asserts that his subpoena requests identified the subject matter of the *47 information sought and that the assistant district attorneys can testify about matters which are clearly distinct from those matters involved in the prosecution itself.
Defendant further claims that the civil suit is not the only ground for the motion to recuse. In addition, there are allegations of certain improprieties and appearances of impropriety caused by the assistant district attorneys.
Finally, defendant contends that the trial judge correctly applied article 508 to this subpoena request as it involves a recusal proceeding, which requires "civil-style" procedure and that prior jurisprudence holds that motions for recusal must be heard as civil matters.[5] Nevertheless, he contends that the subpoenas are not barred under either article 507 or 508.

Discussion
Although relator and defendant have presented many extraneous arguments and issues, the narrow issue presented in this writ is whether article 507 or article 508 of the Louisiana Code of Evidence, if either, is applicable to the subpoena requests and, if so, whether the requirements of the appropriate article have been met.
The wording of articles 507 and 508 is similar, and the articles generally provide that a subpoena shall not be issued to a lawyer to appear or testify in any criminal, civil, or juvenile proceeding where the purpose is to ask the lawyer to reveal information about a client or former client obtained in the course of representing the client. However, the subpoena may be issued if, after a contradictory hearing, the trial court determines that the information sought is not protected by any applicable privilege or work product rule and the purpose of seeking the information is not to harass the attorney or his client, the subpoena lists the information sought with particularity, is reasonably limited as to subject matter and period of time, gives timely notice, and there is no practicable alternative means of obtaining the information. The court must also determine whether, in a criminal proceeding, the information sought is essential to the successful completion of an ongoing investigation, prosecution, or defense, or in a civil or juvenile proceeding, or in an administrative investigation or hearing, the information sought is essential to the successful completion of an ongoing investigation, is essential to the case of the party seeking the information, and is not merely peripheral, cumulative, or speculative.
We acknowledge that defendant's request to issue witness subpoenas was made pursuant to article 507, which is only applicable to criminal proceedings. The trial court, however, issued the subpoenas to the assistant district attorneys pursuant to article 508, applicable to civil proceedings. After a review of articles 507 and 508 and the particular matter presented herein, we conclude that article 507 applies in this particular case. Accordingly, defendant's *48 request for subpoenas must be analyzed under the requirements of article 507.
Herein, defendant seeks to subpoena the assistant district attorneys to testify about what they did and said during their conversations with the sheriffs attorney and defense counsel. There is no indication, and relator does not argue, that the subpoenas are requested for the purpose to ask the assistant district attorneys to reveal information from conversations with the district attorney, or other assistant district attorneys, which is protected from disclosure by any applicable privilege or work product rule.
Second, in the context of the facts presented, the purpose does not appear to be to harass the district attorney or assistant district attorneys. While relator has argued that defendant created the alleged basis for his motion to recuse by filing the federal civil rights lawsuit, relator does not argue that the subpoenas were requested to cause harassment.
Third, the request for the subpoenas (and the other documents and arguments presented by defendant) specifically lists the information sought with particularity, is reasonably limited as to subject matter and period of time, and gives timely notice. A review of the request further shows that defendant has narrowly limited the request to information about conversations between the assistant district attorneys, the attorney for the sheriff, and defense counsel.
Fourth, other than the testimony by other attorneys, there is no other practicable means for defendant to obtain the information he seeks. Defendant may want the testimony of the assistant district attorneys to corroborate the testimony of other witnesses. Moreover, defendant may wish to present the testimony of the assistants to avoid any evidentiary objections and issues presented if other witnesses who were not actually present during the conversations testify.
Fifth, the information sought is essential to defendant's presentation of evidence and the completion of the motion to recuse proceedings. Since the testimony directly relates to the basis of the motion to recuse, the information sought is not merely peripheral. Nor is there is any indication that the information is speculative. We note that defendant is obviously arguing prosecutorial misconduct to the charges of resisting an officer and the information sought appears related to the defense of those charges.

Conclusion
Although we believe that the trial court erred in not applying article 507 to the matter herein, we find no error in the trial court's ruling ordering the issuance of the subpoenas to the assistant district attorneys.[6] Moreover, we note that as indicated in the trial judge's ruling, the ruling allowing subpoena of a lawyer does not address any potential evidentiary issues that may be presented during that lawyer's testimony. Accordingly, we deny relator's writ application.
WRIT DENIED.
McCLENDON, J., concurs and assigns reasons.
McCLENDON, J., concurs and assigns reasons.
While I note that the Official Comment to LSA-C.E. art. 507 indicates that the *49 article initially was designed to provide the state with procedural steps for the subpoena of a lawyer to obtain information about a client or former client in a criminal proceeding, a clear reading of the statute allows its use by the prosecution or the defense. See LSA-C.E. art. 507 A(1). Therefore, I respectfully concur in the result reached by the majority.
NOTES
[1] Defendant also sought a subpoena for Mr. Charles M. Hughes, Jr., the attorney representing St. Tammany Parish Sheriff Rodney J. Strain, Jr. and his office. Sheriff Strain and his office did not seek review of the trial court's ruling ordering issuance of the subpoena to Mr. Hughes, and that portion of the ruling is not before this Court.
[2] Defendant alleges he filed a civil action in federal court (United States District Court, Eastern District of Louisiana, Civil Action No. 07-6983) alleging a violation of civil rights under 42 U.S.C. § 1983 against the St. Tammany Parish Sheriff's Office and Sheriff Jack Strain, St. Tammany Parish District Attorney's Office and District Attorney Walter Reed, several named St. Tammany Parish Sheriff's Office deputies, and others. We confirmed with the federal district court clerk's office that the lawsuit was filed on October 17, 2007.
[3] The record indicates the request to issue witness subpoenas for the December 3, 2007 hearing on the motion to recuse was filed by defendant on November 15, 2007, six days after relator's motion to quash the request for subpoenas was filed on November 9, 2007. The parties do not explain this discrepancy in their briefs.
[4] Defendant presents his arguments as undisputed facts.
[5] Defendant cites the cases of Matter of Guste, 538 So.2d 606 (La. 1989) and Matter of Guste, 541 So.2d 903 (La. 1989) as "Bush I" and "Bush II," respectively, and argues that these cases hold that a civil style procedure is preferable for use in a motion to recuse proceeding. However, the supreme court's action in "Bush I" merely indicates that Bryan Bush, Jr. (the then district attorney of East Baton Rouge Parish) applied for supervisory and/or remedial writs. In "Bush I," on March 3, 1989, the supreme court granted the writ and remanded to this Court "to consider relator's application under its supervisory jurisdiction after reviewing a transcript of the trial court proceedings." On April 24, 1989, the supreme court denied the writ without language in "Bush II." There is no language in either of the supreme court's actions that addresses the application of civil procedure to motion to recuse proceedings in criminal cases.
[6] We note that even if we were to decide that article 508 was applicable, our analysis would have been the same and we still would have concluded that the subpoenas were properly issued.