PER CURIAM.
 
 *
 

 | ^Although the defendant in a criminal trial has the right to prove his defense, including the calling of a prosecutor who is otherwise a competent witness, the prosecutor’s testimony must be relevant and material to the theory of the defense, and it must not be privileged, repetitious, or cumulative.
 
 See State v. Tuesno,
 
 408 So.2d 1269, 1273 (La.1982). In a motion to disqualify the prosecutor, the defendant bears the burden of showing by a preponderance of the evidence that the prosecutor’s testimony is essential to the completion of his defense and that the information sought cannot be obtained through other available witnesses.
 
 See State v. Bourque,
 
 622 So.2d 198, 216-17 (La.1993);
 
 State v. Tuesno,
 
 408 So.2d at 1272-73;
 
 see also
 
 La.Code Evid. art. 507(A); Rule 3.7, Rules of Professional Conduct.
 

 In the instant case, the trial judge specifically found that the information sought by the defendant from the assistant attorney general, who had interviewed the vic
 
 *56
 
 tim on one occasion without an investigator present, could be obtained from other sources. The trial judge had the benefit of the testimony given at the hearing on the motion to disqualify, as well as the various statements made by the victim on multiple occasions. On the showing made by the defendant, we cannot say the |2trial judge abused her discretion in finding the defendant failed to carry his burden of proof. Thus, we find the court of appeal majority erred in concluding otherwise, and in granting the defendant’s motion to disqualify the assistant attorney general.
 

 For these reasons, the court of appeal’s judgment is reversed, and the district court’s ruling denying the defendant’s motion to disqualify is reinstated.
 

 REVERSED; DISTRICT COURT RULING REINSTATED.
 

 JOHNSON, J., would deny the writ.
 

 *
 

 Chief Justice Catherine D. Kimball and Associate Justice Jeannette T. Knoll not participating.