Judge Terri F. Love
11 Relator M.J. seeks review of the juvenile court’s March 17, 2017 judgment which granted the State’s motion to subpoena Ms. Mary Murphy, defense counsel for relator as well as its motion to recuse Ms. Murphy from representing relator in this matter. We find the State has failed to meet the requirements of La. C.E. art. 507(A), and therefore, we grant the writ, reverse the juvenile court’s March 17, 2017 judgment, and lift the stay.

PROCEDURAL HISTORY AND FACTUAL BACKGROUND

The State charges M.J. with two counts of battery of a police officer and one count of resisting a police officer. The events leading to the charges in this case allegedly occurred while M.J. appeared in juvenile court for a hearing with his attorney Ms. Murphy. The State initially filed a motion to disqualify and recuse Ms. Murphy, which was granted in December 2016. Defense counsel filed a supervisory writ with this Court, claiming Ms. Murphy was not properly subpoenaed pursuant to La. C.E. art. 507. We granted the writ and remanded for an evidentiary hearing to determine: (1) whether the information sought was not privileged; and (2) whether the information meets all the requirements of La. C.E. art. 507(A)(l)-(4). See Writ No. 2017-C-0053. Following the hearing the juvenile lacourt ordered Ms. Murphy to testify as a witness and ordered her recused from representing M. J. in this case. M. J. seeks this Court’s supervisory review of the juvenile court’s March 17, 2017 judgment.

DISCUSSION

A subpoena may not be issued unless after a contradictory hearing it is determined that the information sought is not protected from disclosure and all the requirements of La. C.E. art. 507(A)(l)-(4) are met.
The events in this case are alleged to have taken place in the courtroom, and the State’s witness list includes eight witnesses, six of whom were present in the *101 courtroom when the alleged incident occurred.[1] As noted in our previous writ disposition, among the witnesses is “the victim who will presumably provide direct evidence of the essential elements of the charged offenses.” See Writ No. 2017-C-0053. Further, all juvenile court proceedings are recorded, and the State notes in its discovery that the alleged incident in this case was audio and video recorded. The State claims that due to Ms. Murphy's proximity to the incident her testimony is essential to the State’s successful prosecution. See La. C.E. art. 507(A)(1). However, the State fails to show that the information it seeks from Ms. Murphy cannot be obtained from the other "witnesses or the recordings.
Additionally, a subpoena of Ms. Murphy is only permissible if there is no practicable alternative means of obtaining the information to which she would testify. La. C.E. art. 507(A)(4); State v. Gates, 08-0006, p. 10 (La.App. 1 Cir. 5/15/09), 17 So.3d 41, 48. The State argues that only Ms. Murphy can testify as to what she observed. Nevertheless, the State’s burden is not to show that no other witness can testify as to what Ms. Murphy observed, but instead to show that what she witnessed is necessary to prove the State’s case. Given the number of | (¡witnesses and the audio and video recordings of the alleged incident, Ms. Murphy’s testimony is not essential to the State’s prosecution.[2] For the same reason, there are practicable alternative means of obtaining the information to which she would testify. Therefore, the State has not met the requirements of subsections (A)(1) and (A)(4).
As for the subpoena, its states that Ms. Murphy is called to testify “as to her observations of the incident” and is “not being called to disclose privileged communications.” A request simply for “observations” and nothing more is insufficient to meet the requirements of La. C.E. art. 507(A)(3). Cf. State v. Gates, 08-0006, p. 10 (La.App. 1 Cir. 5/15/09), 17 So.3d 41, 48 (finding a subpoena, which sought testimony regarding what prosecutors did and said during specific conversations with the sheriffs attorney and defense counsel, met requirements of subsection (A)(3)); See also State v. Bright, 96-0280 (La.App. 4 Cir. 6/12/96), 676 So.2d 189 (holding a subpoena for defendant’s diary, portions of which were previously published in the newspaper, satisfied subsection (A)(3)). In contrast to the cited cases, the State does not explain with any particularity what Ms. Murphy may testify to that would not be privileged information[3] and/or obtained through other witnesses and recordings. La. C.E. art. 507(A)(3).
Finally, counsel for M.J. avers that “the State’s actions indicate that it does not need Ms. Murphy’s testimony so much as it seeks to terminate her representation of her client.” For this reason, counsel for M.J. suggests that the State’s actions, including its efforts to have Ms. Murphy recused from representing M.J. in an entirely separate and unrelated matter, *102 proves that the purpose of the subpoena is to harass Ms. Murphy and her client. La. C.E. art. 507(A)(2). ^Nevertheless, a finding on this issue is unnecessary given the State’s failure to meet the remaining requirements of La. C.E. art, 507(A).

CONCLUSION

In that the State has failed to meet all the requirements of La. C.E. art. 507(A)(1) — (4), we find the trial court abused its discretion by granting the State’s motion to subpoena Ms. Murphy as a witness and recuse her from representing the relator in this matter. Therefore, we grant the writ and reverse the trial court’s order recusing Ms. Murphy from representing the relator and ordering her to testify in this case, and lift the stay.
WRIT GRANTED; STAY LIFTED
BELSOME, J., DISSENTS WITH REASONS LANDRIEU, j., CONCURS WITH REASONS LOBRANO, J., DISSENTS FOR THE REASONS ASSIGNED BY BELSOME, J.

. The State’s witness list includes: Ms. Murphy, the complaining witness, Judge Cook-Calvin, three members of the juvenile court staff, and two investigating officers.

. Our finding in this case is further supported by La. C.E. art, 403, which states that "[a]l-though relevant, evidence may be excluded.. .by considerations of undue delay, or waste of time.”

."As Ms. Murphy was acting in her representative capacity at the time of the incident, it is likely that any conversation Ms. Murphy may have had with [M.J.] before, during, or after the incident in question is protected by the attorney-client privilege.” See Writ No. 2017-C-0053.