CRICHTON, J.,
additionally concurs and assigns reasons:
_JjM. J. and his attorney appeared in juvenile court for a hearing when M.J. allegedly attacked two court officers and resisted another. The State charged M.J. with two counts of battery of a police officer and one count of resisting a police officer. M.J.’s attorney continued to represent M.J as to both charges. The State, by its Motion to Issue Subpoena, sought to subpoena MJ.’s attorney to testify. The trial court granted this motion, and the court of appeal reversed. I agree with this Court’s writ denial but write separately to address issues that.could arise under the Rules of Professional Conduct.
M.J.’s attorney witnessed the incident, and this fact could make it challenging for her to represent M.J. in the newest charge and communicate with candor toward the tribunal. See Rules of Prof. Conduct. R. 3.3(a)(1) (providing that a lawyer shall not knowingly “make a false statement of fact or law to a tribunal....”). Even more, a lawyer who represents a client in an adjudicative proceeding and knows that a person “has engaged in criminal or fraudulent conduct related to the proceeding” may have to disclose that to the tribunal. See id. at 3.3(b). Finally, M.J.’s attorney is also now unable to provide nonprivileged testimony that could be beneficial to M.J. See id. at 3.7(a) (“A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless....”).
Based on the information provided in this writ application, I am unable to determine whether this representation violates the Rules of Professional Conduct. |?But that could be known to MJ.’s - attorney. And the potential issues that emanate from this writ application should act as a reminder to members of the bar to be steadfast in their compliance with the Rules of Professional Conduct. See id. at 8.4(a) (stating it is professional misconduct to “[vjiolate or attempt to violate” the Rules of Professional Conduct.): ■
GENOVESE, J., would grant.