REGAN, Judge.
Plaintiff, Lucien S. Miranne, instituted this suit against the defendant, State Farm Mutual Automobile Insurance Company, ■endeavoring to recover the sum of $355.35, representing property damage incurred to his automobile as a result of a collision with the automobile owned by the insured, Hugh B. Hughlett, and operated by his son, Leland R. Hughlett, in the intersection of Octavia and York Streets, on March 22, 1949, at the hour of 7:30 a. m.
Defendant answered and denied that the driver of the insured’s vehicle was in any way at fault and averred principally that the collision was due solely to the negligence of the plaintiff “in failing to yield the right of way to a vehicle approaching from the right” in conformity with the provisions of Louisiana LSA-R.S. 1950, 32:237(A) and, in the alternative, defendant pleaded the contributory negligence of plaintiff.
From a judgment in favor of plaintiff as prayed for, defendant has prosecuted this appeal.
The record reveals that the only evidence contained in the record on behalf of plaintiff is his own testimony, together with one exhibit, the “repair bill” which substantiated the monetary evaluation of plaintiff’s property damage. Upon the termination of plaintiff’s testimony under cross-examination, his counsel closed his case, thereupon counsel for defendant pleaded the exception of no cause of action based upon his appreciation of plaintiff’s testimony, which he contends clearly indicated negligence. The court, a quo, overruled this exception and counsel for defendant insists in brief that this exception should have been maintained. However, in oral argument before us counsel conceded that this exception was without merit and, therefore, we find no necessity for discussing it herein.
The record reveals that the Traffic Ordinance of the City of New Orleans is not before us. It was not offered nor introduced in evidence by counsel for either litigant. Both Octavia and York Streets are paved and are of approximately the same width and there are no conventional semaphore signal lights or stop signs located in this intersection. Plaintiff was driving about fifteen or twenty miles per hour in Octavia Street, away from Claiborne Avenue and towards York Street. Defendant’s insured vehicle was being operated by Leland R. Hughlett, at a speed of twenty or twenty-five miles per hour in York Street, away from Robert Street and ter ■ wards Octavia Street.
Respective counsel concede, and the trial judge found as a fact, that both vehicles entered the intersection at approximately the same moment with the usual result— a collision. After the impact plaintiff’s vehicle remained within the intersection, and the vehicle insured by defendant struck a telephone pole located in the northwest corner of the intersection.
Defendant maintains that the judge, a quo, in his written reasons for judgment, erred in finding that “Octavia is a street with heavy vehicular traffic of which the court can take judicial notice”; that this ruling “was tantamount to finding that Octavia was a right of way street”; that *540 since the vehicles entered the intersection at approximately the same moment, defendant’s insured, operating the vehicle on the right and plaintiff, who operated the vehicle on the left, was negligent which is an effective bar to his recovery, and cites in support thereof Louisiana LSA-R.S. 32:237(A).
Plaintiff, in opposition thereto, contends that “the lower court took cognizance of this well-known fact and in deciding the matter in favor of plaintiff held that Octavia was a right of way street over York Street and that, in not yielding to traffic on Octavia Street, the driver of the automobile insured by defendant was negligent and caused the accident complained of.”
We are of the opinion that the judge, a quo, erred in judicially noticing that “Octavia is a street with heavy vehicular traffic * * Judicial knowledge is limited to what a judge properly may know in his judicial capacity, and he is not authorized to make his individual knowledge of a fact, not generally known, the basis of his action. Courts may properly take judicial notice of the facts that may be regarded as forming part of the common knowledge of every person of ordinary understanding and intelligence.
The record reflects the very evident fact that neither plaintiff nor the defendant’s insured saw what could and should have been seen. It is very further evident that either driver could have avoided the collision by exercising even a normal and reasonable amount of care. It is, therefore, our opinion that the concurring negligence of both drivers caused the collision.
For the reasons assigned the judgment appealed from is annulled, avoided and reversed and there is now judgment in favor of defendant and against plaintiff dismissing his suit at his cost.
Reversed.
McBRIDE, J., absent, takes no part.