McDonald, j.
| gThis case involves a public records request pursuant to La. R.S. 44:3(F) made by Joel G. Porter on July 28, 2015, to the Baton Rouge Police Department (BRPD), and in particular a subpoena issued to an Assistant Attorney General.
FACTS AND PROCEDURAL HISTORY
Mr. Porter asked for the release of records and access to evidence from the investigation into the 1985 murder of his wife, Denise Washington Porter, for which Mr. Porter, who is an attorney, was a suspect. Louisiana Revised Statute 44:3(F) provides that ten years after the unnatural death of a person, with the approval of the district court that would have jurisdiction over any criminal prosecution which may result due to the death of such person, immediate family members of the victim may request from governmental agencies copies of numerous materials related to the death.
The City of Baton Rouge/Parish of East Baton Rouge (City/Parish)[1] answered the suit, maintaining that Mr. Porter had sought to obtain the documents in question through legal action in the United States District Court, Middle District of Louisiana, which had issued a protective order in favor of BRPD. The City/Parish also maintained that the Middle District Court expressly stated that BRPD had readily admitted throughout its deposition and motion for protective order that Mr. Porter remained a suspect in the investigation. After filing its answer, the City/Parish filed a motion to quash.
After a hearing on Mr. Porter’s public records request, the district court ruled in favor of Mr. Porter and against BRPD, finding that pursuant to La. R.S. '44:3(F), as the surviving spouse of Ms. Porter, who died on March 15, 1985, Mr. Porter had a right to access all records of the investigation into her death, ordering BRPD tols provide to Mr. Porter “copies of all such files, records, and documents and provide [Mr.] Porter with unlimited access for any and all purposes to all evidence, potential evidence, and other items from the investigation of the death of Denise Porter including examination, inspection, photographing, copying, testing, making impressions, and the use in any court proceeding of and conducting forensic studies on such evidence, potential evidence, and other items.” The district court ordered BRPD to produce the items to Mr. Porter on or before September 10, 2015. That judgment was signed on August 12, 2015.
On September 9, 2015, BRPD filed an application for supervisory writs with this court. On September 10, 2015, this court denied the application for advisory writ, stating that “we find that, as a matter of law, the trial court did not err in ordering the disclosure of the records in its August 12, 2015 judgment.” Porter v. Baton Rouge Police Department, 2015-CW-1388 (La. App. 1 Cir. 9/10/15) (unpublished writ action). Thereafter, Mr. Porter filed a motion to enforce the district court order, noting that there had been “some compliance” with the order by BRPD, but not “full compliance.”
*153 After a hearing on October 15, 2015, the district court signed an order directing BRPD to immediately comply with its August 12, 2015 order, to immediately produce a list of items, and directing the Chief of Police, Carl Dabadie, Jr., to immediately request that all other agencies, including the Attorney General’s Office, produce any and all information to BRPD, or Mr. Porter, or his attorney. Further, the district court ordered that the parties meet at an agreed upon date, time, and place to compile a numerical or alphabetical list of all the reports produced, and that Chief Da-badie submit an affidavit immediately upon compliance with the court’s order. That judgment was signed on October 15, 2015.
|4By letter to Mr. Porter’s attorney dated October 19, 2015, an attorney for BRPD noted she had “attached four discs and documents ... received from the [Louisiana State Police]” and that the Attorney General’s office had answered her inquiry by informing her that “their file consists of BRPD police reports, crime scene photos and [Louisiana State Police] lab reports. All of this information has now been provided to you.” She further stated that the evidence review would begin at 8:30 on October 22, 2015. In further compliance with the court’s order, she further provided that by letter to Mr. Porter’s attorney dated January 7, 2016, the attorney for BRPD stated that she was attaching an invoice for two Louisiana State Police crime lab reports “that have been generated since our last disclosure to you.”
Thereafter, on January 22, 2016, Mr. Porter issued a subpoena for the deposition of Assistant Attorney General Matthew Derbes, and issued a subpoena to the Attorney General’s Office for documents related to the investigation of Ms. Porter’s death by BRPD and the Attorney General’s Office.
Mr. Derbes was personally served with the subpoena by a Sheriff on January 28, 2016 for the deposition which was scheduled for the next day, January 29,2016. On January 28, 2016, the Attorney General’s Office filed a motion to quásh the subpoenas, asserting that Mr. Derbes was a non-party attorney and that special rulés applied before a subpoéna'could be issued to an attorney in both civil and criminal cases. The Attorney General’s Office asked that the subpoenas be quashed- 'on the basis of insufficient notice under La. C.E. arts. 507 and 508, and also because a required contradictory hearing to determine whether the information requested- by the plaintiff was protected before the subpoena could be determined to be proper had not been held.
In response, the district court ordered the deposition of Matthew Derbes stayed and set the matter for a contradictory hearing on February 4, 2016. After ,|Bthe hearing the district court took the matter under advisement, requested that the parties submit post-hearing briefs on whether the Attorney General “could.be made a party”, and set a subsequent hearing for February 24, 2016. After the February 24, 2016 hearing, the district court granted the motion to quash on the grounds that it was not issued “with sufficient time” in accordance with law, denied the motion to quash “on the remaining groundsf,]” and ordered the deposition of Mr. Derbes to take place within fifteen days to'determine “to what extent the [BRPD] had complied with the October 15, 2015 [district .court’s] .ORDER instructing the [BRPD] to request, all items belonging to the [BRPD] to which Mr. Porter is entitled, pursuant to La. R.S, 44:3(F), that are within the physical, control and possession of the Louisiana Attorney General’s Office.” The judgment was signed on March 8, 2016. On March 10, 2016, the district court signed an order granting , the Attorney General’s Office a *154 devolutive appeal from that judgment, rather than the suspensive appeal it had requested in its motion.
On March 23, 2016, the Attorney General’s Office filed an emergency application for supervisory review with this court. On March 29, 2016, this court granted the writ application, ordered the proceedings stayed pending appeal, and ordered the district court to grant the Attorney General’s Office a suspensive appeal. Porter v. Baton Rouge Police Department, 2016-CW-0382 (La. App. 1 Cir. 3/29/16) (unpublished writ action). On March 30, 2016, pursuant to the order of this court, the district court granted the Attorney General’s Office’s suspensive appeal.
THE WRIT APPLICATION
On June 27, 2016, Mr. Porter filed an application for supervisory writs, which was referred to this panel. Upon review of Mr. Porter’s writ application, for numerous reasons it appears that this filing was intended to serve as his appellee brief rather than as a writ. Therefore, Mr. Porter’s writ application is denied, and) his writ application will be considered as his appellee brief. Porter v. Baton Rouge Police Department, 2016-CW-0850 (La. App. 1 Cir. 04/12/17), 2017 WL 1376583, 218 So.3d 150.
PENDING MOTION
On June 6, 2016, the Attorney General’s Office filed a motion with this court asking that it take judicial notice that on April 5, 2016, the Attorney General’s Office voluntarily provided Mr. Porter with any and all documentation to which he was entitled pursuant to La. R.S. 44:3(F). Mr. Porter’s attorney signed an acknowledgment that he received “the responsive documents pursuant to Title 44 of the Louisiana Revised Statutes” and that he signed the document “on the behalf of Joel Porter, my client, as his authorized agent”.
A judicially noticed fact must be one not subject to reasonable dispute in that it is either generally known within the territorial jurisdiction of the trial court or capable of accurate and ready determination by resort to sources the accuracy of which cannot reasonably be questioned. La. C.E. art. 201B(1) and (2); Dufresne v. Dufresne, 2010-963 (La.App. 5 Cir. 5/10/11), 65 So.3d 749, 753. Additionally, courts may properly take judicial notice only of facts that may be regarded as forming part of the common knowledge of every person of ordinary understanding and intelligence. Miranne v. State Farm Mut. Auto Ins. Co., 54 So.2d 538, 540 (La. App. Orl. 1951).
The Attorney General’s office asks this court to take judicial notice of the “fact” that it has provided all the documents to Mr. Porter to which he is entitled pursuant to La. R.S. 44:3(F). However, the letter which Mr. Porter’s attorney signed does not state that the documents were “all” of the public records to which Mr. Porter was entitled under La. R.S. 44:3(F).
Moreover, it appears that the motion for judicial notice does not relate to facts that form part of the common knowledge of eveiy person of ordinary understanding and intelligence. The motion for judicial notice concerns specific) 7 information given by the Attorney General to Mr. Porter’s attorney, not facts that form part of the common knowledge of every person of ordinary understanding and intelligence. Also, the standard for what is considered sufficient under La. R.S. 44:3 is a question of law, not a question to which the general person of ordinary understanding and intelligence would know the answer. See Miranne, 54 So.2d at 540. Thus, the motion is denied.
*155 THE APPEAL
The Attorney General makes two assignments of error on appeal.
1. The District Court erred in finding that a La. C.E. art. 508 hearing was not required prior to the issuance of a subpoena upon a lawyer in his representative capacity.
2. The District Court erred in denying the motion to Quash Subpoena when the subpoena did not meet the requirements of La. C.E. art. 508.
THE LAW
Louisiana Revised Statute 44:3, which is part of the Public Records Act, provides for records of prosecutive, investigative, and law enforcement agencies, and communication districts. In particular, La. R.S. art. 44:3 provides:
F. Notwithstanding any other provision of law to the contrary, after a period of ten years has lapsed from the date of death of a person by other than natural causes, and upon approval by the district court having jurisdiction over any criminal prosecution which may result due to the death of such person, any prosecutive, investigative, and other law enforcement agency, or any other governmental agency in possession of investigative files or evidence or potential evidence, or any other record, document, or item relating to said death shall, upon request, provide copies of all such files, records, and documents to immediate family members of the victim and shall provide unlimited access for any and all purposes to all such evidence, potential evidence, and other items to any member of the immediate family and to any person or persons whom any member of the immediate family has designated for such purposes. The access granted shall include but not be limited to the examination, inspection, photographing, copying, testing, making impressions, and the use in any court proceeding of and conducting forensic studies on such evidence, potential evidence, and other items. For the purposes of this Subsection, the term “immediate family” shall mean the surviving spouse, children, grandchildren, and siblings of the victim.
IsLouisiana Code of Evidence article 507 provides part for the subpoena of a lawyer or his representative in criminal cases:
A. General rule. Neither a subpoena nor a court order shall be issued to a lawyer or his representative to appear or testify in any criminal investigation or proceeding where the purpose of the subpoena or order is to ask the lawyer or his representative to reveal information about a client or former client obtained in the course of representing the client unless the court after a contradictory hearing has determined that the information sought is not protected from disclosure by any applicable privilege or work product rule; and all of the following:
(1) The information sought is essential to the successful completion of an ongoing investigation, prosecution, or defense.
(2) The purpose of seeking the information is not to harass the attorney or his client.
(3) With respect to a subpoena, the subpoena lists the information sought with particularity, is reasonably limited as to subject matter and period of time, and gives timely notice.
(4) There is no practicable alternative means of obtaining the information.
B. Waiver. Failure to object timely to non-compliance with the terms of this Article constitutes a waiver of the procedural protections of this Article, but *156 ■-..does.not constitute a waiver of any privilege.
C. . Binding effect . of determination; notice to client. The determination that a lawyer-client privilege is not applicable to the testimony shall not bind the client or former client- unless the ■ client or former client was given notice of the time, place, and substance of the hearing and had an opportunity fully to participate in that hearing.
D. Exceptions. This Article shall not apply in habitual offender proceedings when'a lawyer is called as a witness for purposes of identification of his client or former client, or in post-conviction proceedings when a lawyer is called as a witness on the issue of ineffective assistance of the lawyer.
E. ■ The procedural provisions and protections afforded by Paragraph A of "'this Article Shall extend to lawyers serving as prosecutors in state, parish, or municipal courts, whether those functions' are exercised in the name of the 'state of Louisiana or any parish or municipality, and whether the' lawyer is the , attorney general or assistant attorney general, a district attorney or assistant district attorney, or a parish or municipal prosecutor, and shall extend to lawyers employed by either house of the Louisiana Legislature.
Louisiana Code of Evidence article 508 provides for subpoena of a lawyer or 19his •representative in civil cases:
A. General rule. Neither a subpoena nor a court order shall be issued to a lawyer or his representative to appear or testify in any civil or juvenile proceeding, including pretrial discovery, or in' an administrative investigation or hearing, where the purpose of the subpoena or order is to ask the lawyer or his representative to reveal information about - a client or former- client obtained in the course of representing the client unless, after a contradictory hearing, it has been determined that the information sought is not protected from disclosure by any applicable privilege or work product rule; and all of the following:
(1) The information sought is essential to the successful completion of an ongoing investigation, is essential to the case of the party seeking the information,, and is not merely peripheral, cumulative, or speculative.
(2) The purpose of seeking the information is not to harass the attorney or his client.
(3) With respect to a subpoena, the subpoena lists the information sought with particularity, is reasonably limited as to subject matter and period of time, and gives timely notice.
■ (4) There is no practicable alternative means of obtaining the information.
B. Waiver. Failure to object timely to non-compliance with the terms of this Article constitutes a waiver of the procedural protections of this Article, but does not constitute á waiver of any privilege!
C. Binding effect of determination; notice to client. The determination that a lawyer-client privilege is not applicable to the testimony shall not bind the client or former client unless the client or former client was given notice of the time, place, and substance of the hearing and had an opportunity fully to participate in that hearing.
D. Scope. Nothing in this Article is intended to affect the provisions of Code of Civil Procedure Articles 863 and 1452(B).
E. The procedural provisions and protections afforded by Paragraph A of this Article shall extend to lawyers representing the state or any political sub *157 division, whether the lawyer is the attorney general or. assistant attorney general, a district attorney or assistant district attorney, a parish attorney or assistant parish attorney; or a municipal or city attorney or assistant municipal or assistant city attorney; and shall extend to lawyers employed by either house of the Louisiana Legislature.
THE STANDARD OF REVIEW
| mThe trial court has broad discretion in ruling on discovery matters. Stolzle v. Safety & Sys. Assur. Consultants, Inc., 2002-1197 (La. 5/24/02), 819 So.2d 287, 289.
ANALYSIS
Mr. Porter has not issued á public records request to the Attorney General’s Office. The underlying lawsuit is a mandamus action brought to enforce a public records request directed to the BRPD, and the Office of the Attorney General is not a party to that litigation. Mr. Porter is attempting to issue a' subpoena to a non-party to his civil suit and thereby depose a prosecutor regarding the contents of an investigative file in a criminal case. Louisiana Code' of Evidence article 508(A) provides that in a subpoena of a lawyer in a civil case the trial court shall conduct a contradictory hearing to determine that the information sought is not protected from disclosure by any applicable privilege or work product rule.
Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such .others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning. The word “shall” is mandatory and the word “may” is permissive. La. R.S, 1:3.
Thus, the district court abused its discretion in denying the motion to quash the subpoena for Mr. Derbes’s deposition. The subpoena may be issued if, after a contradictory hearing, the district court considers La. C.E. art. 508 and determines that the information sought is not protected by any applicable privilege or work product rule, that the purpose of seeking the information is not to harass the attorney or his client, that the subpoena lists the information sought with particularity, is reasonably limited as to subject matter and period of time, that it gives timely notice, and that there is no practicable alternative means of obtaining] n the information. State v. Gates, 2008-0006 (La.App. 1 Cir. 5/15/09), 17 So.3d 41, 47, writ denied, 2009-1342 (La. 10/9/09), 18 So.3d 1283.
Although an Article 508 hearing is mandatory in regard to the subpoena issued to Mr. Derbes, we note that there is very little to be asked of Mr. Derbes at such a deposition, as the Attorney General’s Office is not a party to the -suit, The March 8, 2016 district court order directed that the deposition of Mr. Derbes take place within fifteen days to determine to what extent the BRPD had complied with the October 15, 2015 order “instructing the [BRPD] to request all items belonging to the [BRPD] to which Mr.' Porter is entitled, pursuant to La. R.S. 44:3(F), that are within the physical control and possession of the Louisiana Attorney General’s Office.” To comply with the order, only one question need be directed to the Attorney General’s Office and this easily could be accomplished by an interrogatory asMng whether the Attorney General’s Office provided to BRPD, upon BRPD’s request, “all items belonging to the [BRPD] to which Mr. Porter is entitled, pursuant to La. R.S. 44:3(F), that are within the physical control and possession of the Louisiana Attorney General’s Office.”
*158 Therefore, we reverse the judgment denying Mr. Derbes’s motion to quash the subpoena issued for his deposition, and the case is remanded to the district court for further proceedings in accordance with this judgment.
CONCLUSION
For the foregoing reasons, the motion filed by the Attorney General’s Office asking this court to take judicial notice that it has provided all the documents to Mr. Porter to which he is entitled pursuant to La. R.S. 44:3(F) is denied. The writ application filed by Joel G. Porter is denied, and his writ application is considered as his appellee brief. The district court judgment denying Assistant Attorney General Matthew Derbes’s motion to quash the subpoena issued for his deposition is reversed, and the case is remanded to the district court for further proceedings in| 1⅞ accordance with this opinion. The costs of this appeal are assessed against Joel G. Porter.
MOTION DENIED, WRIT DENIED, JUDGMENT REVERSED, CASE REMANDED.

, An answer was filed on behalf of BRPD and the City of Baton Rouge. However, in a later motion to enroll as counsel of record, a Senior Special Assistant Parish Attorney noted that BRPD was not a legal entity, and that the City of Baton Rouge/Parish of East Baton Rouge was the proper party defendant.