RENTON PROPERTIES, LLC

NO. 21-C-734

VERSUS

FIFTH CIRCUIT

213 UPLAND, LLC; MARGARET W. TONTI;
ROBERT J. TONTI; OHIO MANAGEMENT,
LLC; CORPORATE REALTY LEASING
COMPANY, INC.; MARY CARRONE; EMILY
KRAMER; CHARLES R. CANNON, III;
JODYCORP, LLC; DUFF FRIEND; AND R.
LEWIS MCHENRY

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Susan S. Buchholz
First Deputy, Clerk of Court

February 04, 2022

Susan Buchholz
First Deputy Clerk

**IN RE** R. LEWIS MCHENRY

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE JUNE B. DARENSBURG, DIVISION "C", NUMBER 775-357

Panel composed of Judges Marc E. Johnson,
Stephen J. Windhorst, and John J. Molaison, Jr.

**WRIT GRANTED**

The relator, R. Lewis McHenry, seeks review of the district court's judgment denying his motion to quash a subpoena compelling his testimony at a January 20, 2022 hearing. The relator states that the court erred by refusing to quash the subpoena of a lawyer when the respondent, plaintiff Renton Properties, LLC, failed to comply with the procedural or substantive requirements of Louisiana Code of Evidence article 508.

The relator represented co-defendant 213 Upland, LCC, in connection with a real estate transaction with the respondent. 213 Upland, LLC, was sued by the respondent for specific performance of an agreement to purchase and sell property. The respondent later amended its petition to add several parties, including Margaret Tonti, the member and owner of 213 Upland, LLC, and the relator.[1]

The respondent filed a motion for new trial, seeking reconsideration of the prior trial judge's ruling denying his leave to amend his petition to assert a claim against the relator relating to his notarization of Ms. Tonti's signature of Upland's

---

[1] In a previous writ, this Court reversed the district court and found summary judgment in favor of the relator, dismissing all of the respondent's claims against him in his personal capacity. *Renton Properties, LLC v. 213 Upland, LLC*, 20-133 (La. App. 5 Cir. 10/5/20), 304 So. 3d 1083, *writ denied,* 20-1395 (La. 1/26/21), 309 So. 3d 345.

21-C-734

Act of Sale to an alternative purchaser. The motion was set for hearing, and the respondent issued a subpoena to the relator on November 19, 2021 to compel his testimony at the hearing. The relator filed a motion to quash.

At the December 16, 2021 hearing on the motion to quash, the district court judge found that the respondent was not calling the relator to testify in his capacity as an attorney, but his role as a notary, which does not have the same protection as a lawyer under La. C.E. art. 508.

La. C.E. art. 508 provides:

Neither a subpoena nor a court order shall be issued to a lawyer or his representative to appear or testify in any civil or juvenile proceeding, including pretrial discovery, or in an administrative investigation or hearing, where the purpose of the subpoena or order is to ask the lawyer or his representative to reveal information about a client or former client obtained in the course of representing the client unless, after a contradictory hearing, it has been determined that the information sought is not protected from disclosure by any applicable privilege or work product rule; and all of the following:
(1) The information sought is essential to the successful completion of an ongoing investigation, is essential to the case of the party seeking the information, and is not merely peripheral, cumulative, or speculative.
(2) The purpose of seeking the information is not to harass the attorney or his client.
(3) With respect to a subpoena, the subpoena lists the information sought with particularity, is reasonably limited as to subject matter and period of time, and gives timely notice.
(4) There is no practicable alternative means of obtaining the information.

In this case, the respondent failed to file a motion seeking to subpoena the relator before issuing the subpoena, despite the fact that the respondent has filed a motion to compel the relator's testimony on two previous occasions.[2] The respondent argues that it is not required to comply with La. C.E. art. 508 because the information sought is relevant to the relator's notary duties. However, La. C.E. art. 508 states that the purpose of subpoena is to "ask the lawyer. . .to reveal information about a client or former client obtained in the course of representing the client." In this case, the relator notarized the act of sale for Ms. Tonti while "in the course of representing" his client, 213 Upland L.L.C., and the respondent wants to inquire as to "information about a client or former client." Therefore, this subpoena to the relator, an attorney and notary, implicates La. C.E. art. 508.

The respondent also alleges that the issue of authenticity or capacity concerning a document which the lawyer signed as a witness or as a notary is not privileged under La. C.E. art. 506(c)(4). However, La. C.E. art. 508 requires more than a finding of privilege, the court must also find the other four factors required by the article.

_____

[2] At an August 21, 2020 hearing, the court denied as premature the respondent's request for motions to compel the relator's deposition. Similarly, on February 3, 2021, the court denied as premature the respondent's motion to compel testimony of the relator.

"Louisiana Code of Evidence article 508(A) provides that in a subpoena of a lawyer in a civil case the trial court *shall* conduct a contradictory hearing to determine that the information sought is not protected from disclosure by any applicable privilege or work product rule." *Porter v. Baton Rouge Police Dep't*, 16-0625 (La. App. 1 Cir. 4/12/17), 218 So.3d 150, 157 (emphasis in original). A district court will be found to have abused its discretion in denying the motion to quash the subpoena without a contradictory hearing, in which the district court considers La. C.E. art. 508 and determines that: the information sought is not protected by any applicable privilege or work product rule; the purpose of seeking the information is not to harass the attorney or his client; the subpoena lists the information sought with particularity, is reasonably limited as to subject matter and period of time, that it gives timely notice; and that there is no practicable alternative means of obtaining the information. *Id., citing State v. Gates*, 08-0006 (La. App. 1 Cir. 5/15/09), 17 So.3d 41, 47, *writ denied*, 09-1342 (La. 10/9/09), 18 So.3d 1283.

After review, we find that the district court abused its discretion by denying the relator's motion to quash the subpoena compelling his testimony. The subpoena was sent to a lawyer, before a contradictory hearing, to ask him to reveal information about a client obtained in the course of his representation. Furthermore, the trial court erred in denying the motion to quash by failing to make all of the prerequisite findings pursuant to La. C.E. art. 508(A). Accordingly, we grant this writ, reverse the trial court's denial of the motion to quash, and render judgment quashing the subpoena compelling R. Lewis McHenry's testimony at the hearing.

Gretna, Louisiana, this 4th day of February, 2022.

**JJM**
**MEJ**

RENTON PROPERTIES, LLC

NO. 21-C-734

VERSUS

FIFTH CIRCUIT

213 UPLAND, LLC; MARGARET W. TONTI; ROBERT J. TONTI; OHIO MANAGEMENT, LLC; CORPORATE REALTY LEASING COMPANY, INC.; MARY CARRONE; EMILY KRAMER; CHARLES R. CANNON, III; JODYCORP, LLC; DUFF FRIEND; AND R. LEWIS MCHENRY

COURT OF APPEAL

STATE OF LOUISIANA

**WINDHORST, J., CONCURS WITH REASONS**

I agree that this writ should be granted, reversing both the trial court's ruling denying relator, R. Lewis McHenry's motion to quash, and the specific finding that Mr. McHenry was "properly subpoenaed" by Renton Properties, LLC ("Renton"), and granting the motion to quash the subpoena for the following additional reasons.

La. C.E. art. 508 A provides:

Art. 508. Subpoena of lawyer or his representative in civil cases

A. General rule. Neither a subpoena nor a court order shall be issued to a lawyer or his representative to appear or testify in any civil or juvenile proceeding, including pretrial discovery, or in an administrative investigation or hearing, where the purpose of the subpoena or order is to ask the lawyer or his representative to reveal information about a client or former client obtained in the course of representing the client **unless**, after a contradictory hearing, **it has been determined** that the information sought is not protected from disclosure by any applicable privilege or work product rule; and all of the following:

(1) The information sought is essential to the successful completion of an ongoing investigation, is essential to the case of the party seeking the information, and is not merely peripheral, cumulative, or speculative.

(2) The purpose of seeking the information is not to harass the attorney or his client.

(3) With respect to a subpoena, the subpoena lists the information sought with particularity, is reasonably limited as to subject matter and period of time, and gives timely notice.

(4) There is no practicable alternative means of obtaining the information. [Emphasis added above.]

La. C.E. art. 508 A clearly provides that no subpoena "shall be issued" to a lawyer to testify **unless** a contradictory hearing is held and it "**has been determined**" by the trial court that the information sought satisfies the article's five criteria, *i.e.*, that the information sought is neither privileged or work product, as well as the four enumerated conditions which follow. In this case, the subpoena was issued without all of these specific determinations having first been made by the trial court.

21-C-734

Even in the absence of a hearing prior to the issuance of the subpoena, the subpoena, on its face, does not comply with La. C.E. art. 508 A(3) in that it does not list the information sought with particularity, and is not reasonably limited as to subject matter and period of time. To the contrary, the subpoena does not list any information which would be sought, any subject matter, or fix any time period.

*Hearing on Motion to Quash*

Although the trial court was not asked to conduct a hearing or to rule pursuant to La. C.E. art. 508 A, the trial court did conduct a contradictory hearing on relator's subsequent motion to quash the subpoena during which some issues related to La. C.E. art. 508 A were raised. The hearing on the motion to quash and the court's ruling thereon did not satisfy the requirements of La. C.E. art. 508 A in several ways.

First, the hearing did not occur *prior* to issuance of the subpoena, as is clearly mandated by La. C.E. art. 508 A. This defect is more than simply procedural. The intent of this article is to prevent revelation of privileged information and attorney-client communication before it is revealed, and prevent vexatious abuse and unnecessary expense as well. The legislature has therefore intentionally required that the hearing precede issuance of the subpoena. Further, confidentiality would not be fully maintained by a determination of inadmissibility during a hearing. Privileged information, once revealed, or even probed, is not protected by being disregarded by the trier of fact.

Second, failing to conduct a hearing prior to issuance of the subpoena effectively shifted the burden of proof from the issuing party, Renton, to McHenry, who had been prematurely served, to convince the court that the subpoena should be quashed. It is clear that La. C.E. art. 508 A intends that the burden of proof be on the party requesting issuance of the subpoena, and that the five "determinations" by the court are *pre*requisite to issuance. It is obvious from the transcript that the burden of proof was on Mr. McHenry to prove the merit of his motion to quash, and not on Renton to prove that the criteria of La. C.E. art. 508 A were satisfied.

Lastly, in its denial of the motion to quash, the trial court did not make all of the prerequisite findings pursuant to La. C.E. art. 508 A, nor does the record appear to support findings that all five of the required conditions were present.

*Respondent's Contention that La. C.E. Art. 508 A Does Not Apply*

Respondent, Renton, contends that La. C.E. art. 508 A is inapplicable because it requires a threshold determination that the purpose of the subpoena be "to ask the lawyer or his representative to reveal information about a client or former client obtained in the course of representing the client." The determination of whether La. C.E. art. 508 A applies, however, cannot be unilaterally made in advance by an opposing party who has already chosen to issue the subpoena. Nor can it be made in advance by the recipient lawyer who is unaware that the subpoena is coming. Only the trial court can make this determination in a hearing prior to issuance of the subpoena. Nevertheless, we can consider whether the trial court addressed and ruled on this threshold issue to determine whether La. C.E. art. 508 A applies in this case.

At the conclusion of the hearing on the motion to quash, the trial judge gave her ruling and reasons:

> McHenry's motion to quash the subpoena is hereby denied. Under the law there are certain procedures that must be followed to subpoena a lawyer to reveal information about a client or former client. [Transcript p. 21, ll. 1-5]

The trial judge then summarized the arguments of each party, then concluded:

> A notary public does not have the same protection as a lawyer under Louisiana Code of Evidence Article 508. Therefore, this Court finds that Mr. McHenry has been -- has been properly subpoenaed by Mr. Raymond. [Tr. p. 22, l. 32 – p. 23, l. 4]

The court made no finding as to whether the purpose of the subpoena was or was not "to ask the lawyer or his representative to reveal information about a client or former client obtained in the course of representing the client." Thus, there was no finding which could lead to the conclusion that La. C.E. art. 508 A does not apply here. On the face of the record, La. C.E. art. 508 A clearly appears to apply.

I do not suggest that Renton cannot validly subpoena Mr. McHenry, but it may do so only after a prior contradictory evidentiary hearing pursuant to La. C.E. art. 508 A, and appropriate findings by the trial court having considered the specific conditions enumerated therein.

Accordingly, I would reverse both the trial court's ruling denying relator, R. Lewis McHenry's motion to quash, and the specific finding that McHenry was "properly subpoenaed" by Renton Properties, LLC (hereafter Renton), and would quash the subpoena and would remand for further proceedings.

**SJW**

3

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY <u>02/04/2022</u> TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**21-C-734**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable June B. Darensburg (DISTRICT JUDGE)

Robert L. Raymond (Respondent)
James M. Garner (Respondent)
Jefferson R. Tillery (Respondent)
Eva J. Dossier (Relator)
Michael E. Botnick (Respondent)
Gerald A. Melchiode (Respondent)

Richard C. Stanley (Relator)
Elwood F. Cahill, Jr. (Respondent)
Howard E. Sinor, Jr. (Respondent)
Matthew J. Paul (Relator)
John T. Balhoff, II (Respondent)
Micah C. Zeno (Respondent)
Brian G. LeBon, Jr. (Respondent)

### MAILED

Michael S. Ricci (Respondent)
Jonathan L. Schultis (Respondent)
Sara E. Huffman (Respondent)
Attorneys at Law
101 West Robert E. Lee Boulevard
Suite 400
New Orleans, LA 70124

Christian Chaney (Relator)
Attorney at Law
909 Poydras Street
Suite 2500
New Orleans, LA 70112

C. Barrett Rice (Respondent)
Heather K. Trosclair (Respondent)
Attorney at Law
201 St. Charles Avenue
Suite 5100
New Orleans, LA 70170

Melissa R. Harris (Respondent)
Attorney at Law
909 Poydras Street
Suite 2800
New Orleans, LA 70112

James J. Reeves, II (Respondent)
Attorney at Law
639 Loyola Avenue
Suite 2550
New Orleans, LA 70113