**STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT**

**CA 23-132**


**PRESTON MARSHALL**

**VERSUS**

**ELAINE T. MARSHALL**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2022-0144
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**GUY E. BRADBERRY
JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and Guy E. Bradberry, Judges.


**REVERSED; MOTION TO QUASH GRANTED; REMANDED.**

**James M. Garner**
**Ashley G. Coker**
**Sher Garner Cahill Richter Klein & Hilbert, L.L.C.**
**909 Poydras Street, Suite 2700**
**New Orleans, LA 70112**
**(504) 299-2100**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
       **Preston Marshall**

**Phillip W. DeVilbiss**
**Kean Miller LLP**
**4865 Ihles Road**
**Lake Charles, LA 70605**
**(337) 430-0350**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
       **Terranova Williams Klein CPA's,LLC**
       **Ehlers and Associates, CPAs, LLC**

**Daniel A. Kramer**
**Lundy, Lundy, Soileau & South, LLP**
**501 Broad Street**
**Lake Charles, LA 70601**
**(337) 439-0707**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
       **Preston Marshall**

**Taylor Ashworth**
**Kean Miller LLP**
**600 Jefferson Street, Suite 1101**
**Lafayette, LA 70501**
**(337) 235-2232**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
       **Terranova Williams Klein CPA's, LLC**
       **Ehlers and Associates, CPAs, LLC**

**BRADBERRY, Judge.**

Preston Marshall filed this action in Louisiana seeking to enforce Texas subpoenas duces tecum against two accounting firms. The Louisiana accounting firms, Terranova Williams Klein, CPA's and Ehlers & Associates, CPAs, filed the present appeal from a judgment denying their motion to quash and seeking a protective order.

## FACTS

According to the briefs, this action involves one of many lawsuits filed by Preston against his mother, Elaine, beginning in 2015. The proceedings in this case center around Grandchildren's Trust No. 2, filed in a Texas probate court. The trust was established in 1987 by J. Howard Marshall II, Preston's grandfather. In addition to many other trusts, Howard established this trust in favor of his two grandsons, Preston and Pierce Marshall. Preston was named beneficiary of the Grandchildren's Trust No. 2. His mother, Elaine Marshall, was named a co-trustee. In August 2021, Preston took over as trustee. Thereafter, he filed a motion in Texas to compel Elaine and the accounting firms to produce documents relative to the proceedings. The accounting firms were not named parties to the proceedings in Texas.

In January 2022, Preston filed proceedings in Louisiana under La.R.S. 13:3825, the Louisiana Uniform Interstate Depositions and Discovery Act (UIDDA), to have subpoenas served on the two accounting firms, seeking accounting records and depositions. The accounting firms objected to the subpoenas. They specifically argued that La.R.S. 13:3825(E) required Preston to comply with applicable Louisiana procedural rules, including La.Code Evid. art. 517. Article 517 prohibits the issuance of a subpoena to an accountant requesting information about a client

without first holding a contradictory hearing to determine if the information sought is privileged.

The accounting firms then filed a motion to quash the subpoenas and sought a protective order. Subsequently, Preston filed a cross motion for contradictory hearing for issuance of the subpoenas. He asked that the subpoenas be approved or that new subpoenas be issued ordering production of the documents.

A hearing was held on June 22, 2022. Judgment was rendered on August 1, 2022, ordering the accounting firms to comply with the subpoenas as to requests numbers one, three, and six. Pertaining to requests two, four and five, the trial court ordered that a privilege log be produced and submitted to the court along with the documentation for an in-camera inspection to determine the relevancy and whether the information sought was protected under the accountant/client privilege.

The accounting firms filed both a notice to seek supervisory writs and a motion for appeal with this court. The trial court denied the motion for appeal. The accounting firms then sought a writ with this court on this trial court ruling. In an unpublished writ ruling, this court converted the writ to an appeal. *Marshall v. Marshall*, 22-591 (La.App. 3 Cir. 1/23/23) (unpublished writ ruling). This court found that:

> [A] judgment addressing discovery matters pertaining to a non-party is a final, appealable judgment because such a judgment totally resolves the single issue between the litigant and the non-party. *See, e.g., Channelside Services, L.L.C. v. Chrysochoos Group, Inc.*, 15-64 (La.App. 4 Cir. 5/13/16), 194 So.3d 751, *writ denied*, 16-1079 (La. 10/21/16), 208 So.3d 373; *Larriviere v. Howard*. 00-186 (La.App. 3 Cir. 10/11/00), 771 So.2d 747, *writ granted in part* [*on other grounds*] *and remanded*, 00-3087 (La. 1/26/01), 781 So.2d 567.

2

Based on this ruling, the other writ concerning the denial of their motion to appeal was found moot. *Marshall v. Marshall*, 22-612 (La.App. 3 Cir. 1/23/23) (unpublished writ ruling).

After the appeal was granted, the accounting firms filed a motion to supplement the record on appeal with a judgment from the Texas proceedings. This court denied the motion because the judgment was rendered after the trial court's ruling and had not been considered by the trial court. *Marshall v. Marshall*, 23-132 (La.App. 3 Cir. 7/26/23) (unpublished opinion).

We now address the issues raised by the accounting firms on appeal.

**MOOTNESS**

In addition to the motion to supplement the record, the accounting firms also filed peremptory exceptions of mootness and lack of jurisdiction. We note that the accounting firms also asked the trial court to rescind its judgment and dismiss the proceedings based on the Texas judgment, but they recognize the trial court does not have jurisdiction to do so while the appeal is pending. La.Code Civ.P. art. 2088; *Barnes v. L.M. Massey, Inc.*, 93-1080 (La.App. 1 Cir. 5/20/94), 637 So.2d 799, *writ denied*, 94-2279 (La. 12/9/94), 647 So.2d 1107. On appeal, the accounting firms argue that there is no need to conduct any discovery now that the case in which discovery was sought has been tried to verdict.

Preston opposed the motion to rescind the trial court judgment, but admits that the case has been tried by a jury and judgment rendered in the Texas case. However, he argues that Elaine might appeal the judgment and the parties might need to re-try the case. Preston also argues that he is the sole beneficiary and trustee of the trust and requires the documentation for the trust's administration, which cannot be obtained from another source. Preston argues that the accounting firms are

3

attempting to put forth new evidence and facts that occurred after the trial court issued its ruling, which cannot be considered on appeal.

> It is well settled that courts will not decide abstract, hypothetical or moot controversies, or render advisory opinions with respect to such controversies.
>
> In order to avoid deciding abstract, hypothetical or moot questions, courts require that cases submitted for adjudication be justiciable, ripe for decision, and not brought prematurely.
>
> A "justiciable controversy" connotes an existing actual and substantial dispute, as distinguished from one that is merely hypothetical or abstract, and a dispute which involves the legal relations of the parties who have real adverse interest, and upon which the judgment of the court may effectively operate through a decree of conclusive character.
>
> A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot. The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts. If the case is moot "there is no subject matter on which the judgment of the court can operate". For these purposes a "moot" question connotes an issue that has been "deprived of practical significance" or "made abstract or purely academic."

*St Charles Parish Sch. Bd. v. GAF Corp.*, 512 So.2d 1165, 1170-71 (La.1987) (on rehearing) (citations omitted).

The court in *Perez v. Evenstar, Inc.*, 12-941 (La.App. 4 Cir. 1/30/13), 108 So.3d 898, found that La.Code Evid. arts. 201 and 202 do not allow for judicial notice of certain legal matters, which includes judgments from other courts. As stated by the court in *United General Title Insurance Co. v. Casey Title, Ltd.*, 01-600, pp. 6-7 (La.App. 5 Cir. 10/30/01), 800 So.2d 1061, 1065:

> However, Article 202 does not allow courts to take judicial notice of other courts' proceedings. Rather, documentation of such proceedings must be offered into evidence in the usual manner.

4

> A court may take judicial notice of its own proceedings. . . . However, there is no provision in Louisiana law for a court of this state to take judicial notice of suit records in other courts. . . . To be considered, documents of other courts must be introduced as evidence in the record in the trial court.

*State v. Hotoph*, 99–243 (La.App. 5 Cir. 11/10/99), 750 So.2d 1036, 1053–1054, *writ denied*, 765 So.2d 1062 and 765 So.2d 1066.

Further, examination of exhibits attached to an appellate brief, but not offered into evidence at trial, is beyond the scope of our review. *Davis v. St. Jude Medical Center, Inc.*, 94–353 (La.App. 5 Cir. 10/25/94), 645 So.2d 771, 772, *writ denied*, 94–2864 (La.1/27/95), 649 So.2d 387. An appellate court is precluded from considering evidence that is not part of the record. *State v. Pertuit*, 95–935 (La.App. 5th Cir.3/13/96), 673 So.2d 1055, 1057.

Since we have no proof of judgment in the Texas court which occurred after the appeal was granted, we will address the arguments based on the record before us.

## LOUISANA UNIFORM INTERSTATE DEPOSITIONS AND DISCOVERY ACT AND LOUISIANA CODE OF EVIDENCE ARTICLE 517

Preston sought to enforce the Texas subpoenas through the Louisiana Uniform Interstate Depositions and Discovery Act (UIDDA) found in La.R.S. 13:3825. Subsection (E) of the act provides: "The Code of Civil Procedure and any other laws or district court rules of this state governing a deposition, production of documents or other tangible items, or an inspection of premises apply to discovery under Subsection C of this Section." Comment to Subsection (E) from 2014 explains:

> The Act requires that the discovery permitted by this Section must comply with the laws of this state. This state has a significant interest in protecting its residents who become non-party witnesses in an action pending in a foreign jurisdiction from any unreasonable or unduly burdensome discovery request. Therefore, the discovery procedure must be the same as it would be if the case had originally been filed in this state.

Subsection (F) of La.R.S. 13:3825 further provides:

> An application to a court of this state for a protective order or for an order enforcing, quashing, or modifying a subpoena issued by a clerk

5

of court under Subsection C of this Section must comply with the district court rules, the Code of Civil Procedure, and the Rules of Professional Conduct of this state and be submitted to the district court that issued the subpoena.

Comments to Subsection (F) from 2014 notes, in pertinent part, that:

This state has a significant interest in protecting its residents who become non-party witnesses in an action pending in a foreign jurisdiction from any unreasonable or unduly burdensome discovery requests, and this is accomplished by requiring that any discovery motions must be decided under the laws of this state.

It is clear that Louisiana procedural and evidentiary laws apply to a foreign subpoena issued in this state. The accounting firms argue Preston violated La.Code Evid. art. 517, regarding the issuance of a subpoena to an accountant. They first claim that he failed to invoke a contradictory hearing before attempting to subpoena them as required by Article 517, arguing this hearing was mandatory as indicated by the use of the word "shall".

Article 517 (emphasis added) provides, in pertinent part:

Neither a subpoena nor a court order **shall** be issued to an accountant . . . where the purpose of the subpoena or order is to ask the accountant or his representative to reveal information about a client or former client obtained in the course of representing the client unless the court determines, after a contradictory hearing held after service of actual notice to the accountant and the client at least ten days prior to the contradictory hearing[.]

The purpose of the contradictory hearing is to ensure that the information sought is not privileged, in addition to determining that:

(1) The information sought is essential to the successful completion of an ongoing investigation, is essential to the case of the party seeking the information, and is not merely peripheral, cumulative, or speculative.

(2) The purpose of seeking the information is not to harass the accountant or his client.

6

(3) With respect to a subpoena, the subpoena lists the information sought with particularity, is reasonably limited as to subject matter and period of time, and gives timely notice.

(4) There is no practicable alternative means of obtaining the information.

La.Code Evid. art. 517(A).

The accounting firms argue that an after-the-fact hearing after the subpoenas were issued at a hearing on their motion to quash was legal error.  In support of their argument, the accounting firms look to La.Code Evid. art. 508, which they argue is almost identical to Article 517, except that it applies to an attorney/client privilege.

When interpreting a statute, we look to the language of the statute itself. *Carollo v. Dep't of Transp. and Dev.*, 21-1670 (La. 9/1/22), 346 So.3d 751.  When a law is clear and unambiguous and application of the law as written does not lead to absurd consequences, we apply the law as written and no further interpretation may be made in search of the intent of the legislature.  La.Civ.Code art. 9; La.R.S. 1:4; *Carollo*, 346 So.3d 751.  "When the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law."  La.Civ.Code art. 10.  "When the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole."  La.Civ.Code art. 12.

> In construing statutory language, it is presumed that the legislature enacts each statute with deliberation and with full knowledge of all existing laws on the same subject; therefore, legislative language will be interpreted on the assumption that the legislature was aware of existing statutes, the rules of statutory construction, and with knowledge of the effect of their acts and with a purpose in view.  As a result, where it is possible, courts have a duty in the interpretation of a statute to adopt a construction which harmonizes and reconciles it with other provisions dealing with the same subject matter.  La. C.C. art. 13[.]

*Carollo*, 346 So.3d at 760 (case citations omitted).

We, therefore, look to the interpretation of Article 508 which was already law at the time Article 517 was added by Acts 2001, No. 954, § 1. The language in Article 508 is almost identical to Article 517. As in Article 517, Article 508(A) also provides that a subpoena shall not be issued to a lawyer until after a contradictory hearing to determine if the information sought is not protected from disclosure by any applicable privilege or work-product rule. A person seeking a subpoena under Article 508 must first seek a contradictory hearing before the subpoena issues to determine that the information sought is not privileged and the same four requirements as provided by Article 517 have been met.

In *Succession of Willoz*, 22-1026 (La.App. 1 Cir. 7/5/23) (unpublished opinion), the first circuit found that a district court abused its discretion in failing to quash a subpoena when a contradictory hearing was not held before issuing the subpoena to an attorney who represented the decedent, citing *Porter v. Baton Rouge Police Department*, 16-625 (La.App. 1 Cir. 4/12/17), 218 So.3d 150, and *Renton Properties, LLC v. 213 Upland, LLC*, 21-734 (La.App. 5 Cir. 2/4/22) (unpublished opinion). In *Succession of Willoz*, an attorney had subpoenas issued twice without holding the required contradictory hearing under La.Code Evid. art. 508, and both times the subpoenas were quashed by the trial court.

In *Porter*, 218 So.3d 150, the first circuit found that the trial court abused its discretion in denying a motion to quash a subpoena seeking the deposition of an assistant attorney general who was a nonparty to a lawsuit when no contradictory motion pursuant to La.Code Evid. art. 508(A) was held.

In his concurring opinion in *Renton Properties, LLC*, (unpublished opinion) Judge Windhorst explained:

8

The hearing on the motion to quash and the court's ruling thereon did not satisfy the requirements of La. C.E. art. 508 A in several ways.

First, the hearing did not occur *prior* to issuance of the subpoena, as is clearly mandated by La. C.E. art. 508 A. This defect is more than simply procedural. The intent of this article is to prevent revelation of privileged information and attorney-client communication before it is revealed, and prevent vexatious abuse and unnecessary expense as well. The legislature has therefore intentionally required that the hearing precede issuance of the subpoena. Further, confidentiality would not be fully maintained by a determination of inadmissibility during a hearing. Privileged information, once revealed, or even probed, is not protected by being disregarded by the trier of fact.

Second, failing to conduct a hearing prior to issuance of the subpoena effectively shifted the burden of proof from the issuing party, Renton, to McHenry, who had been prematurely served, to convince the court that the subpoena should be quashed. It is clear that La. C.E. art. 508 A intends that the burden of proof be on the party requesting issuance of the subpoena, and that the five "determinations" by the court are *pre*requisite to issuance. It is obvious from the transcript that the burden of proof was on Mr. McHenry to prove the merit of his motion to quash, and not on Renton to prove that the criteria of La. C.E. art. 508 A were satisfied.

In *State v. Gaubert*, 15-774 (La.App. 4 Cir. 12/9/15), 179 So.3d 982, *writ denied*, 16-122 (La. 1/23/17), 215 So.3d 681, the court recognized that Article 507 calls for a contradictory hearing before the issuance of the subpoena to an attorney in a criminal case. However, the party opposing the subpoena in *Gaubert* did not object until the middle of trial, and thereby waived the procedural protections of Article 507, which is the parallel criminal provision to Article 508. Citing *Bank One, N.A. v. Payton*, 07-139 (La.App. 4 Cir. 9/26/07), 968 So.2d 202, the court found the failure to object timely to the non-compliance with the terms of Article 507 constituted a waiver only of the procedural protections of Article 507 and did not constitute a waiver of the privilege itself.

We agree that Article 517 clearly requires a contradictory hearing **before** the issuance of subpoenas. This is especially true in this case where the UIDDA is being

utilized to serve out-of-state subpoenas on Louisiana citizens for proceedings in another state. In the present case, the accounting firms did timely object to the failure to hold a contradictory hearing. The subpoenas were served on the accounting firms on January 31, 2022. The first filing by the accounting firms was a motion to quash filed on February 22, 2022, objecting to the subpoenas for failing to comply with Article 517. When the trial court conducted a contradictory hearing to determine if the subpoenas met the standards required under Article 517, the subpoenas had already been issued. There was no contradictory hearing prior to the issuance of the subpoenas to determine if they should be properly issued and if the information sought was privileged. As of this appeal, there are still questions on several items that the trial court ruled needed an in-camera inspection to determine whether any privilege applied. The trial court should have conducted a hearing on whether the accounting firms were entitled to a motion to quash the subpoenas because Preston failed to follow the mandates of Article 517 and request a contradictory hearing.

Ordinarily, review of a trial court's ruling on a motion to quash a subpoena is under the abuse of discretion standard. *Hughes v. Capital City Press, L.L.C.*, 22-1133 (La.App. 1 Cir. 6/2/23), 369 So.3d 441. Legal error occurs if a contradictory hearing is not held as required by the law. *In Re Elloie*, 05-1499 (La. 1/19/06), 921 So.2d 882. When legal error is committed, the abuse of discretion standard is no longer applicable, and the appellate court makes its own independent review of the record. *Cook v. Sullivan*, 20-1471 (La. 9/30/21), 330 So.3d 152; *Vidrine v. Vidrine*, 17-722 (La.App. 3 Cir. 5/2/18), 245 So.3d 1266.

We find that the trial court committed legal error in not granting the motion to quash since Preston did not hold a contradictory hearing before the subpoenas were served on the accounting firms. We, therefore, reverse the judgment of the trial

10

court granting Preston Marshall's motion for contradictory hearing and grant the motion to quash filed by Terranova Williams Klein, CPA's and Ehlers & Associates, CPAs.  We remand this case to the trial court for further proceedings.  All costs of these proceedings are assessed to Preston Marshall.

**REVERSED; MOTION TO QUASH GRANTED; REMANDED.**